UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

| | | |
|---|---|---|
| JESSICA WILSON<br>2622 Maxine Avenue Northeast<br>Canton, OH 44705 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | COMPLAINT<br>with Jury Demand |
| V. | )<br>) | |
| SKECHERS, U.S.A., Inc.<br>225 S. Sepulveda Blvd.,<br>Manhattan Beach, CA 90266 | )<br>)<br>)<br>) | (Electronically filed) |
| Serve: Philip Paccione<br>225 S. Sepulveda Blvd.,<br>Manhattan Beach, CA 90266 | )<br>)<br>) | |
| and | )<br>) | |
| SKECHERS, U.S.A., Inc., II<br>225 S. Sepulveda Blvd.,<br>Manhattan Beach, CA 90266 | )<br>)<br>)<br>) | |
| Serve: Philip Paccione<br>225 S. Sepulveda Blvd.,<br>Manhattan Beach, CA 90266 | )<br>)<br>) | |
| and | )<br>) | |
| SKECHERS FITNESS GROUP<br>225 S. Sepulveda Blvd.,<br>Manhattan Beach, CA 90266 | )<br>)<br>)<br>) | |
| Serve: Philip Paccione<br>225 S. Sepulveda Blvd.,<br>Manhattan Beach, CA 90266 | )<br>)<br>) | |
| Defendants. | )<br>) | |

**PREAMBLE**

Skechers is a shoe company that manufactures toning shoes, including Skechers Shape-ups and Tone-ups. These shoes have a pronounced rocker bottom sole. Skechers markets and

promotes its toning shoes as footwear that will provide countless health benefits including improved cardiac function and orthopedic benefits. It markets and promotes its toning shoes to be worn in place of other athletic shoes during daily activities, exercise routines, and in the workplace. Skechers Shape-ups slogans include: "Shape Up While You Walk" and "Shape Up While You Work."

Skechers intentionally designs its toning shoes to create instability and to change gait mechanics. It is well established in the medical literature, however, that changing one's gait can and does cause chronic injuries. Such injuries include stress fractures, joint injuries, and tendon and ligament injuries. Moreover, shoes that create instability can and do cause people wearing them to fall. Despite this existing body of literature and numerous complaints to the company about chronic and traumatic injuries, Skechers has and continues to market and promote this footwear without performing any safety testing.

In fact, toning shoes provide no additional health benefits than do regular athletic and walking shoes. The American Council on Exercise (ACE) commissioned an independent study by the University of Wisconsin to determine if toning shoes provide the benefits that they market and promote to the public. Based on those study results, the ACE concluded that: "Across the board, none of the toning shoes showed statistically significant increases in either exercise response or muscle activation during any of the treadmill trials," ACE says. "There is simply no evidence to support the claims that these shoes will help wearers exercise more intensely, burn more calories or improve muscle strength and tone."

The health risks of Skechers outweigh the absence of any benefit provided to the wearer. Indeed, as of May 2011, Consumer Reports has documented that Skechers has seen more reports of injuries or complaints than any other product in its database. This is not surprising, because by

altering gait mechanics and creating instability, Skechers places consumers at increased risk for chronic injuries such as stress fractures and tendon ruptures, as well as acute injuries from falling.

## PARTIES

1. The Plaintiff, Jessica Wilson, is and was at all times relevant hereto, a resident of Stark County, Ohio.

2. The Defendant, Skechers U.S.A., Inc., is a corporation organized and existing under the laws of the state of Delaware, with its principle place of business at 225 S. Sepulveda Blvd., Manhattan Beach, CA 90266. At all times relevant hereto, Skechers conducted regular and sustained business in Ohio by labeling, marketing, distributing, promoting and selling its products in Ohio.

3. The Defendant, Skechers U.S.A., Inc. II, is a corporation organized and existing under the laws of the state of Delaware, with its principle place of business at 225 S. Sepulveda Blvd., Manhattan Beach, CA 90266. At all times relevant hereto, Skechers conducted regular and sustained business in Ohio by labeling, marketing, distributing, promoting and selling its products in Ohio. Skechers U.S.A., Inc., and Skechers U.S.A., Inc. II, will be herein referred to collectively as "Skechers".

4. Skechers Fitness Group is a trademarked subsidiary of Skechers U.S.A., Inc. II with its principle place of business at 225 S. Sepulveda Blvd., Manhattan Beach, CA 90266. At all times relevant hereto, Skechers conducted regular and sustained business in Ohio by labeling, marketing, distributing, promoting and selling its products in Ohio.

## JURISDICTION AND VENUE

5. Subject matter of this action arises under 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction of the Defendants because the Defendants transact business and the wrongs complained of herein arose in Ohio.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events giving rise to the Plaintiff's claims occurred in, and because the Defendants transact business in this district.

## FACTUAL BACKGROUND

8. Plaintiff Jessica Wilson saw many television and print advertisements touting the benefits of Skechers Shape-Up toning shoes. Relying upon those ads, specifically, the many health benefits of wearing Skechers Shape-ups, Jessica Wilson purchased a pair of Skechers Shape-ups on January 4, 2011 from Famous Footwear in Canton, Ohio.

9. Plaintiff began wearing these shoes during her daily activities in Canton, Ohio. The toning shoes were not accompanied by informational material or an instructional DVD.

10. On January 4, 2011, Jessica Wilson was walking down the stairs of a friends' back porch while wearing her Skechers Shape-ups. As she was stepping onto the bottom step, her toning shoes cause her to rock forward suddenly and fall forward resulting in a broken ankle and excruciating pain. Ms. Wilson presented to Affinity Medical Center where x-rays demonstrated a trimalleolar ankle fracture with comminuted fracture of the left fibula. Plaintiff underwent a reduction of the fracture and a soft cast was placed on her ankle. Plaintiff Jessica Wilson was informed that she would need to follow-up with an orthopedic surgeon within three days.

11. On January 5, 2011, the Plaintiff, Jessica Wilson came under the care of Dr. Daniel A. Charlick, an orthopedic surgeon with Omni Orthopaedics. Dr. Charlick confirmed that Ms. Wilson required surgery to fixate the trimalleolar and fibula fractures.

12. On January 13, 2011, Plaintiff underwent surgery by Dr. Charlick at Mercy Medical Center in Canton, Ohio to place a plate and screws in her left fibula, screws in her left medial malleolar and a screw in her left syndesmosis to repair the fractures and disruption.

13. Plaintiff incurred significant medical expenses as a result of the surgery she underwent to repair the fibula and malleolar fractures and syndesmosis disruption, will incur future medical expenses as her injury is permanent, lost wages as a result of being unable to work, her ability to labor and earn money has been impaired, she is at increased risk for future health problems and disability, and she has suffered physical pain and mental anguish.

14. Unbeknownst to Jessica Wilson, she purchased shoes that provided no additional benefit to her health. Instead, she was lulled into purchasing a dangerous product that the Defendant knew produced a substantial risk of causing chronic injuries and inducing falls because of Skechers' elevated and unstable, rocker-bottom sole. This elevation alters gait mechanics and creates instability. Had Ms. Wilson known that the toning shoe provided no benefit to her health, she would not have purchased or worn the shoes and would not have incurred the injuries or damages she did as a result of her use of the shoes.

### COUNT ONE-Ohio Rev. Code Ann. 2307.75
### PRODUCT DEFECTIVE IN DESIGN OR FORMULATION

15. Plaintiff incorporates by reference, paragraphs 1 through 14 of the complaint.

16. The Skechers Shape-ups worn by the Plaintiff as set forth *supra* were defective in design or formulation because at the time they left the control of the Defendants, Skechers and Skechers Fitness Group, the foreseeable risks associated with its design or formulation as

5

determined pursuant to division (B) of Ohio Rev. Code Ann. 2307.75 exceeded the benefits associated with that design or formulation as determined pursuant to division (C) of Ohio Rev. Code Ann. 2307.75.

17. Specifically, the foreseeable risks of the toning shoes are very serious and are likely when the product is used as designed, marketed and promoted. Consumers are told to replace their everyday walking and/or athletic shoes with the toning shoes for use in all daily activities, including exercise routines and walking, as well as to wear them to work in jobs where walking and standing are a significant activity such as in nursing or restaurant work. The design of the shoe changes gait mechanics and creates instability that can and does cause the consumer wearing the shoe to suffer chronic injuries and/or to fall and thereby cause injuries. This defective design is not open and obvious to the consumer but was known, or should have been known, to the Defendant at the time of the Plaintiff's injury.

18. The design of the shoe does not conform to the applicable standards in the industry for athletic footwear in that it is purposely designed to change gait mechanics and create instability, both of which have been associated with chronic and acute injuries to the lower extremities.

19. The design of the shoe to create instability and alter gait mechanics is more dangerous than a reasonably prudent consumer would expect when used in the manner intended and promoted by the manufacturer in advertisements and promotional materials.

20. In light of the reasonably foreseeable risks set forth in paragraphs 17 - 19, the advertised benefits of the toning shoes are inadequate and insufficient because the shoes do not confer any additional benefits to the consumer that are not conferred by normally designed athletic and/or walking shoes, which present none of the risks associated with toning shoes.

21. The harm for which the Plaintiff seeks to recover compensatory damages was not caused by any inherent characteristic of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community. The characteristics of the product that caused the harm could easily be eliminated by simply removing the dynamic rolling bottom, soft foam insert under the heel, and the dual density midsole which work together to cause the gait alteration and instability which lead to injuries. None of these characteristics exist in regular athletic shoes, which confer the same health benefits to the consumer without the risk of injury. At the time the product left the control of its manufacturer, a practical and technically feasible alternative design or formulation was available that would have prevented the harm for which the Plaintiff seeks to recover compensatory damages without substantially impairing the usefulness or intended purpose of the product.

22. As a direct and proximate result of the defective Shape-ups shoes placed into the stream of commerce by the Defendant, Skechers, the Plaintiff, Jessica Wilson, suffered severe physical injury, pain and suffering, mental anguish, and damages that included past and future economic loss and past and future medical expenses.

<u>**COUNT TWO - Ohio Rev. Code Ann. 2307.76**</u>
<u>**PRODUCT DEFECTIVE DUE TO**</u>
<u>**INADEQUATE WARNING OR INSTRUCTION**</u>

23. Plaintiff incorporates by reference, paragraphs 1 through 22 of the complaint.

24. The Skechers Shape-ups worn by the Plaintiff as set forth *supra* were defective due to inadequate warning or instruction at the time of marketing when they left the control of the Defendants, Skechers and Skechers Fitness Group, because both of the following applied:

(a) The Defendants knew or, in the exercise of reasonable care, should have known that footwear that is marketed to be worn on a daily basis during physical activity and is designed to alter gait mechanics and create instability presents a risk of chronic or acute injuries; including stress fractures, tendon and ligament damage, and falls;

(b) The Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of chronic and acute injuries from gait alteration and instability caused by the shoes, in light of the likelihood that the shoes would cause the harm claimed by the Plaintiff, Jessica Wilson, and in light of the likely seriousness of that harm.

25. The Skechers Shape-ups worn by the Plaintiff as set forth *supra* were defective due to inadequate post-marketing warning or instruction because, at a relevant time after the footwear left the control of its manufacturer, both of the following applied:

(a) The Defendants knew or, in the exercise of reasonable care, should have known that footwear that is marketed to be worn on a daily basis during physical activity and is designed to alter gait mechanics and create instability presents a risk of chronic or acute injuries; including stress fractures, tendon and ligament damage, and falls;

(b) The Defendants failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the Plaintiff seeks to recover compensatory damages and in light of the likely seriousness of that harm.

26. As a direct and proximate result of the failure to warn by the Defendant, Skechers, the Plaintiff, Jessica Wilson, suffered severe physical injury, pain and suffering,

mental anguish, and damages that included past and future economic loss and past and future medical expenses.

### COUNT THREE-Ohio Rev. Code Ann. 2307.77
### PRODUCT NOT CONFORMING TO
### REPRESENTATION MADE BY MANUFACTURER

27. Plaintiff incorporates by reference, paragraphs 1 through 26 of the complaint.

28. The Skechers Shape-ups worn by the Plaintiff as set forth *supra* were defective because they did not conform, when they left the control of the Defendants, to the many representations made by the Defendants, including, but not limited to:

    (a)    Get in shape without setting foot in a gym;

    (b)    Designed to promote weight loss, tone muscles, and improve posture;

    (c)    Tightens abdominal muscles;

    (d)    Improves blood circulation;

    (e)    Improves posture;

    (f)    Strengthens the back;

    (g)    Firms buttocks muscles;

    (h)    Tones and firms thigh muscles;

    (i)    Firms calf muscles;

    (j)    Increase cardiovascular health;

    (k)    Reduce stress on knee and ankle joints;

    (l)    Relieve muscle tension and fatigue;

    (m)    Forces you to engage muscles not normally used when walking on hard ground;

    (n)    Reduce impact on your joints and lower back;

      (o)      Improve your life by changing the way you walk;

      (p)      Improve stamina and metabolism.

29.     These material misrepresentations made by the Defendant, Skechers, were false as proved by a study from the University of Wisconsin that was commissioned by the American Council on Exercise.

30.     When the Defendant, Skechers, made these material representations, it knew that they were false, and it made the material representations recklessly without any knowledge of their truth and a positive assertion. Specifically, many of the representations are not supported by the four "studies" that the Defendant, Skechers, cites as support for the claims, and for those representations that the Defendant bases on the "studies", those results were misrepresented in order to be construed as supporting these representations.

31.     The Plaintiff, Jessica Wilson, acted in reliance on these material representations made in promotional materials and advertisements, in that she purchased these shoes specifically under the belief that they would provide the claimed health benefits if used in the manner directed by the labeling. Based upon this reliance, Plaintiff wore the shoes during daily activities.

32.     The Plaintiff, Jessica Wilson, suffered injury as a direct and proximate result of her reliance on these nonconforming representations, because she purchased the Shape-ups footwear and wore the shoe during everyday activities and in so doing the shoes caused her to suffer fractures of the fibula and malleolar and disruption of the syndesmosis. As a result, Plaintiff suffered severe physical injury, pain and suffering, mental anguish, and damages that included past and future economic loss and past and future medical expenses.

### **COUNT FOUR - FRAUD**

33.     Plaintiff incorporates by reference, paragraphs 1 through 32 of the complaint.

34. The Defendant, Skechers, was the seller of the Shape-ups footwear that was purchased by the Plaintiff, Jessica Wilson, on January 4, 2011 in Canton, Ohio.

35. In regard to the Shape-ups footwear purchased and worn by the Plaintiff, Jessica Wilson, the Defendant, Skechers made multiple material representations about the shoes that included:

  a. Get in shape without setting foot in a gym;

  b. Designed to promote weight loss, tone muscles, and improve posture;

  c. Tightens abdominal muscles;

  d. Improves blood circulation;

  e. Improves posture;

  f. Strengthens the back;

  g. Firms buttocks muscles;

  h. Tones and firms thigh muscles;

  i. Firms calf muscles;

  j. Increase cardiovascular health;

  k. Reduce stress on knee and ankle joints;

  l. Relieve muscle tension and fatigue;

  m. Forces you to engage muscles not normally used when walking on hard ground;

  n. Reduce impact on your joints and lower back;

  o. Improve your life by changing the way you walk;

  p. Improve stamina and metabolism.

36.     These material representations made by the Defendant, Skechers, were false as proven by a study from the University of Wisconsin that was commissioned by the American Council on Exercise.

37.     That when the Defendant, Skechers, made these material representations, it knew that they were false, and it made the material representations recklessly without any knowledge of their truth and a positive assertion.  Specifically, many of the representations are not supported by the four "studies" that the Defendant, Skechers, cites as support for the claims, and for those representations that the Defendant bases on the "studies", those results were misrepresented in order to be construed as supporting these representations.

38.     The Defendant, Skechers, made these false, material representations with the intention of inducing buyers, including the Plaintiff, Jessica Wilson, to act by purchasing the Shape-ups footwear by appealing to the buyers' desire to own athletic footwear that would result in numerous health benefits.

39.     The Plaintiff, Jessica Wilson, acted in justifiable reliance on these material representations made by the Defendant, Skechers, in that she purchased these shoes specifically under the belief that they would provide the claimed health benefits if used in the manner directed by the labeling.

40.     That the Plaintiff, Jessica Wilson, suffered injury as a result of her justifiable reliance on these false, material representations because she purchased the Shape-ups footwear and wore the shoes during daily activities and in so doing the shoes caused her to suffer fibula and malleolar fractures and syndesmosis disruption. As a result she suffered actual damages, including medical expenses, lost wages, pain and suffering and the cost of the Skechers Shape-ups shoes.

## PRAYER

**WHEREFORE,** Plaintiff prays for judgment against the Defendants in an amount exceeding the minimum jurisdiction limit of this Court, and as follows:

a. On the First, Second, Third and Fourth Claims for Relief, Plaintiff, Jessica Wilson, prays for judgment against the Defendant for an amount that will compensate her economic damages for past medical expenses, future medical expenses, past and future impairment of earning capacity, increased likelihood of future complications, past and future physical pain and suffering, past and future mental anguish, past and future loss of enjoyment of life, past and future loss of the ability to perform her usual functions, and for Plaintiff's reasonable costs and disbursement incurred herein, not including the attorney fees Plaintiff incurs in prosecuting this action; and

b. Plaintiff pray for leave to amend the complaint to include a claim for punitive damages should discovery reveal evidence of conduct warranting the imposition of such damages, and such other and further relief as justice requires.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims so triable in this action.

Respectfully Submitted,

SCHACHTER, HENDY & JOHNSON, P.S.C.

By:    /s/ Ronald E. Johnson, Jr.
Ronald E. Johnson, Jr., Ohio Bar #0083072
rjohnson@pschachter.com
Paul J. Schachter, Esq., Ohio Bar #0061750
pschachter@pschachter.com
Penny U. Hendy, Esq., Ohio Bar #0083676

phendy@pschachter.com
909 Wright's Summit Parkway #210
Ft. Wright, Kentucky 41011
(859) 578-4444 Telephone

*Attorneys for Plaintiffs*